UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:11-cv-160-RLV
(5:06-cr-22-RLV-CH-5)

| | |
|---|---|
| WAYNE DONTA O'NEIL, ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| Vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| **Respondent.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), and on his Supplement to his Motion to Vacate, (Doc. No. 4), in which he seeks alternative relief under 28 US.C. § 2241, and under the writs of error coram nobis and audita querela. Petitioner moves this Court to vacate his conviction on the basis of the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Petitioner is represented by Ross H. Richardson of the Federal Defenders of Western North Carolina. Petitioner's motion is untimely, his Simmons claim is barred by the waiver in his plea agreement, and he is not entitled, in any event, to relief under Simmons. Thus, Petitioner's motion to vacate will be denied. Furthermore, he is not entitled to relief under any of his alternative forms of relief.

**I.     BACKGROUND**

On April 26, 2006, the Grand Jury for the Western District of North Carolina charged Petitioner, along with twenty-three codefendants, with conspiracy to possess with intent to distribute at least fifty grams of crack cocaine and at least five kilograms of powder cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. (Criminal Case No. 5:06-cr-22, Doc. No. 3:

1

Sealed Indictment). Petitioner was also charged individually with a substantive offense of possession with intent to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C. § 841(b)(1)(A). (Id.). Following Petitioner's indictment, the Government filed an information, in accordance with 21 U.S.C. § 851, notifying Petitioner and this Court that the Government intended to seek enhanced penalties under the Controlled Substances Act based on Petitioner's prior convictions for five separate drug offenses. (Id., Doc. No. 31: Notice of Intention to Seek Enhanced Penalties Pursuant to 21 U.S.C. § 851). Specifically, Petitioner's prior convictions included a 1996 conviction for felony possession of cocaine and four 1998 convictions for sale and delivery of cocaine, all in the North Carolina Superior Court for Burke County. (Id.). Petitioner entered into a plea agreement in which he agreed to plead guilty to the conspiracy count. (Id., Doc. No. 270: Plea Agreement). In exchange, the Government agreed to dismiss the substantive drug count. (Id. at 1). In light of the Government's concessions, Petitioner agreed to waive his right to challenge his conviction and sentence in a direct appeal or collateral attack, with the exception of claims of ineffective assistance of counsel or prosecutorial misconduct. (Id. at 4). After Petitioner agreed to plead guilty, the Government filed a partial withdrawal of its § 851 notice, stating that it would rely only on Petitioner's 1996 conviction for possession of cocaine.[1] (Id., Doc. No. 529: Notice of Partial Withdrawal).

Consistent with his plea agreement, Petitioner pled guilty before a federal magistrate judge in a hearing conducted pursuant to Rule 11 of the Federal Rules of Criminal Procedure. (Id., Doc. No. 276: Entry & Acceptance of Guilty Plea). Petitioner acknowledged that he was, in fact, guilty of the drug conspiracy offense, and he affirmed that he understood that he was

---

[1] Before the Government agreed to file the partial withdrawal of the § 851 notice, Petitioner faced a statutory, mandatory minimum sentence of life imprisonment based on his prior convictions. See (Doc. No. 1089 at 23: PSR).

2

expressly waiving the right to challenge his conviction and sentence in a post-conviction proceeding. (Id. at 4). At the conclusion of the hearing, the magistrate judge found that Petitioner's plea was knowingly and voluntarily made and accepted it. (Id. at 5). In preparation for sentencing, the probation officer prepared a presentence investigation report, calculating a guidelines range of 292 to 365 months in prison, based on a total offense level of 35 and a criminal history category of VI. (Id., Doc. No. 1089 at 23: PSR). In calculating Petitioner's offense level, the probation officer began with a base offense level of 36 based on its conclusion that Petitioner was responsible for between 1.5 and 4.5 kilograms of crack cocaine, added two levels based on Petitioner's role in the offense, and subtracted three levels for acceptance of responsibility. (Id. at 12-13). Additionally, in light of the Government's amended § 851 notice, Petitioner faced a statutory mandatory minimum sentence of 240 months in prison in light of his prior drug offense conviction. See 21 U.S.C. § 841(b)(1)(A). At sentencing, this Court adopted the probation officer's findings regarding the advisory guidelines range and sentenced Petitioner at the low end of that range to 292 months in prison. (Id., Doc. No. 654: Judgment).

This Court entered its judgment on March 10, 2008, and Petitioner did not appeal. (Id.). In a motion filed on June 29, 2012, Petitioner sought relief, pursuant to 18 U.S.C. § 3582, in light of retroactively applicable amendments to the crack cocaine provisions of the guidelines. (Id., Doc. No. 1002: Motion). This Court granted Petitioner's motion and determined that Petitioner's amended offense level was 33, which, when coupled with Petitioner's criminal history category of VI, ordinarily yields a guidelines range of 235 to 292 months in prison. (Id., Doc. No. 1054: Order). Because Petitioner was subject to a twenty-year mandatory minimum sentence under the Controlled Substances Act, however, his amended guidelines range was 240 to 293 months in prison. (Id.). This Court sentenced Petitioner at the bottom of that range to 240 months in

prison. (Id.). On October 31, 2011, Petitioner filed the instant motion to vacate his sentence, claiming that he is entitled to relief in light of Simmons. (Doc. No. 1). Petitioner later supplemented his motion, through counsel, on April 3, 2013, adding alternative claims for relief under 28 U.S.C. § 2241 or, in the alternative, via a writ of error coram nobis or audita querela. (Doc. No. 4).

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Paragraph 6 of 28 U.S.C. § 2255, which applies to initial motions to vacate, provides generally for a one-year statute of limitations from the date on which a petitioner's judgment becomes final. 28 U.S.C. § 2255(f)(1). Here, Petitioner's judgment became final when his time for filing a notice of appeal expired ten days after this Court entered judgment on March 10, 2008. FED. R. APP. P. 4 (2008); see Clay v. United States, 537 U.S. 522, 530 (2003). Petitioner's motion, filed more than three years later, is therefore untimely under the one-year statute of limitations. Furthermore, none of the other time periods set forth under Section 2255(f) applies, and Petitioner has not presented sufficient grounds for applying equitable tolling.

In addition to the fact that the Section 2555 petition is time-barred, Petitioner's <u>Simmons</u> claim is subject to dismissal because he waived in his plea agreement the right to bring this challenge. Such a waiver is enforceable as long as the defendant waives this right knowingly and voluntarily. <u>See</u> <u>United States v. Lemaster</u>, 403 F.3d 216, 220 (4th Cir. 2005) ("A criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary."); <u>see also</u> <u>United States v. Copeland</u>, 707 F.3d 522, 529-30 (4th Cir. 2013) (dismissing appeal of defendant challenging sentencing enhancement in light of <u>Simmons</u> because defendant waived his right to appeal his sentence in his plea agreement); <u>United States v. Snead</u>, No. 11-5100, 2012 WL 541755 (4th Cir. Nov. 7, 2012) (unpublished) (same).

Here, Petitioner does not allege in his motion that his plea was either unknowing or involuntary, nor could he, as the Rule 11 colloquy establishes that he pled guilty understanding the charge to which he was pleading guilty as well as the consequences of his plea, including his waiver of his right to challenge his sentence in a post-conviction proceeding, except through claims of ineffective assistance of counsel or prosecutorial misconduct. Petitioner's <u>Simmons</u> claim does not present either a claim of ineffective assistance of counsel or a claim of prosecutorial misconduct. Accordingly, neither of the exceptions to his waiver applies, and his motion to vacate would be subject to dismissal even if it were not time-barred.

Finally, as the Government notes, even if the motion to vacate were not time-barred, and even if Petitioner had not waived the right in his plea agreement to raise his <u>Simmons</u> claim, he would still not be entitled to relief under Section 2255. While this Court no doubt concluded that the twenty-year, mandatory minimum sentence applied based on Petitioner's conviction for a prior felony drug offense, the Court did not impose the enhanced sentence under the Controlled

5

Substances Act but, instead, sentenced Petitioner according to the higher guidelines range. Petitioner's guidelines range of 292 to 365 months was calculated based on his base offense level and criminal history, not on any statutory or guidelines enhancement for prior felony convictions. Moreover, even though subsequent amendments to the guidelines have since altered Petitioner's guidelines calculation, Petitioner is nevertheless unable to present a cognizable claim for relief under Section 2255, as Petitioner's sentence was within the statutory maximum allowed. See United States v. Powell, 691 F.3d 554, 562 n.1 (4th Cir. 2012). Furthermore, the fact that the benefit that Petitioner received from the retroactive amendments to the crack cocaine guidelines was capped at 240 months, rather than the 235-month low end that otherwise would have applied, is not the type of "fundamental defect which inherently results in a complete miscarriage of justice" that is cognizable on collateral review. See Stone v. Powell, 425 U.S. 465, 477 n.10 (1976). Accordingly, even if Petitioner's claim were timely and not waived, he would nevertheless not be entitled to post-conviction relief under Section 2255.

Next, Petitioner asserts 28 U.S.C. § 2241 and the writs of error coram nobis and audita querela as alternative grounds for relief from Petitioner's sentence. Petitioner is not entitled to a reduction in his sentence under any of these alternative forms of relief. First, as to potential relief under 28 U.S.C. § 2241, a petitioner seeking to attack his conviction or sentence must file a motion under Section 2255 unless this remedy "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The Fourth Circuit has concluded that the remedy under Section 2255 is "inadequate or ineffective" only when:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct

appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. at 333-34.

Here, Petitioner does not challenge the legality of his conviction; rather, he challenges his sentence, which he contends was based on a prior state court conviction that wrongly qualified him for an enhanced sentence. As Petitioner is challenging his sentence only, he has failed to demonstrate that pursuit of relief through Section 2255 is inadequate.

Petitioner also seeks relief under the writ of error coram nobis or a writ of audita querela. Coram nobis relief is only available when all other grounds for relief are inadequate and where the defendant is no longer in custody. In re Daniels, 203 Fed. App'x 442, 443 (4th Cir. 2006) (unpublished); United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir. 1988). Petitioner is in custody and has, or had, an available post-conviction avenue of relief under Section 2255(f)(1). Audita querela relief is only available to "plug a gap in the system of federal postconviction remedies," United States v. Johnson, 962 F.2d 579, 583 (7th Cir. 1992). Here, Section 2255 was in fact available, "leaving no gap to plug." United States v. Bennett, Nos. 3:10cr84, 3:12cv524, 2013 WL 170333, at *12 (W.D.N.C. Jan. 16, 2013). Thus, Petitioner is not entitled to relief under his alternative grounds for relief.

## IV. CONCLUSION

For the foregoing reasons, the Court dismisses Petitioner's Section 2255 petition as untimely and as barred by the waiver in his plea agreement. Furthermore, Petitioner is not entitled to relief under his alternative grounds for relief.

**IT IS, THEREFORE, ORDERED** that:

7

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DENIED** and **DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: February 24, 2014

Richard L. Voorhees
United States District Judge